NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1869
_____

MICHAEL WHEELER,
CARVISSA WHEELER

v.

JERSEY CITY POLICE DEPARTMENT;
POLICE OFFICER MICHAEL MEADE;
POLICE OFFICER MARK HENNESSY;
SERGEANT TIMOTHY O'BRIEN;
POLICE OFFICER G. VEGA, Badge No. 2803;
POLICE OFFICER PORTER;
POLICE OFFICER N. MONTANEZ;
POLICE OFFICER B. CULLINAN, Badge No. 1414;
POLICE OFFICER ROMANOKI;
JOHN/JANE DOE 2-10, fictitious names representing a series
of individuals having actual identity unknown at this time;
CITY OF JERSEY CITY, City Hall

Police Officer N. Montanez,

                                          Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-12-cv-07528)
Honorable Madeline C. Arleo, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
December 9, 2016

BEFORE:  FISHER, KRAUSE, and GREENBERG, Circuit Judges

(Filed: January 20, 2017)

_____

OPINION*
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.

## I.    INTRODUCTION

Jersey City Police Department Officer Nathaniel Montanez appeals from a District

Court order denying his motion for summary judgment on the grounds of qualified

immunity in Michael Wheeler's action against him under 42 U.S.C. § 1983 and the New

Jersey Tort Claims Act.  Wheeler bases his claim on Montanez's alleged excessive use of

force in participating in Wheeler's arrest during a disturbance in Jersey City, New Jersey.

Montanez contends that the Court failed to analyze the law regarding qualified immunity

properly with respect to him as an individual rather than as a member of a group of police

officers involved in the incident.  He further argues that video evidence showing his

conduct demonstrates that he is indisputably entitled to qualified immunity in this case.

We will dismiss the appeal for lack of jurisdiction.

## II.    BACKGROUND

Jersey City police officers responding to a disturbance at a large party allegedly

involving 150-200 people attempted to arrest Wheeler who was at that time was acting as

_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

2

security at the event.  A video recording of the incident shows police officers punching Wheeler in the head multiple times and striking him with a baton.  Consequently, Wheeler filed suit under 42 U.S.C. § 1983 and the New Jersey Tort Claims Act against the Jersey City Police Department, the City of Jersey City, and eight officers involved in his arrest, including four who admitted to having had physical contact with him.  App. at 20.  Seven police officers filed a motion for summary judgment jointly with the City of Jersey City and the Jersey City Police Department, but Montanez filed such a motion separately.  Though the Court granted certain of the defendants summary judgment, it denied summary judgment to four individual defendants including Montanez on Wheeler's § 1983 excessive force claim and claims under the New Jersey Tort Claims Act.  Montanez has appealed.[1]

### III.    DISCUSSION

A. Appellate Jurisdiction over Denials of Qualified Immunity for § 1983 Claims

Naturally our first inquiry is whether we have jurisdiction on this appeal which would be possible only under the collateral order doctrine.  Montanez maintains that the District Court applied an improper legal standard in denying his motion for summary judgment, thereby making its determination appealable at this time.  Wheeler responds

---

[1] Wheeler initiated this case in the Superior Court of New Jersey but the defendants removed it to the District Court under 28 U.S.C. § 1441.  The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367 and also may have had diversity of citizenship jurisdiction.  Three other officers who also unsuccessfully sought summary judgment also appealed but subsequently they withdrew their appeals.

3

that the Court determined that there was a genuine issue of material fact, a conclusion that, if accepted, would require us to dismiss this appeal.

In general we have jurisdiction to hear appeals from "final decisions of the district courts." 28 U.S.C. § 1291. But an order denying a defendant's summary judgment motion that the defendant predicated on his qualified immunity may be appealable even though the litigation will continue after the denial as the order would be effectively partially unreviewable at the end of the district court litigation. Mitchell v. Forsyth, 472 U.S. 511, 525, 105 S.Ct. 2806, 2814-15 (1985). But for a district court's denial of qualified immunity to be an appealable collateral order it must turn on a question of law. Id. at 530, 105 S.Ct. at 2817; see Johnson v. Jones, 515 U.S. 304, 313, 115 S.Ct. 2151, 2156 (1995). Our review of an order denying qualified immunity based on a conclusion of law is plenary. McKee v. Hart, 436 F.3d 165, 169 (3d Cir. 2006).

Accordingly, if a court denies qualified immunity because it cannot determine that there is "evidence sufficiency" for the claim of qualified immunity the order does not become immediately reviewable. Johnson, 515 U.S. at 313, 115 S.Ct. at 2156. Thus, if a district court has "determine[d] that 'there is sufficient record evidence to support a set of facts under which there would be no immunity,' we must accept that set of facts on interlocutory review." Blaylock v. City of Philadelphia, 504 F.3d 405, 409 (3d Cir. 2007) (quoting Schieber v. City of Philadelphia, 320 F.3d 409, 415 (3d Cir. 2003)). We can review the legal determination of "whether the set of facts identified by the district court is sufficient to establish a violation of a clearly established constitutional right" but we "lack jurisdiction to consider" the factual determination of "whether the district court

4

correctly identified the set of facts that the summary judgment record is sufficient to prove." Id. (quoting Rivas v. City of Passaic, 365 F.3d 181, 192 (3d Cir. 2004)).

In aid of our determination of whether we have jurisdiction over an appeal from an order denying qualified immunity, we "require that . . . [the] disposition[ ] of a motion in which a party pleads qualified immunity include, at minimum, an identification of relevant factual issues and an analysis of the law that justifies the ruling with respect to those issues." Forbes v. Twp. of Lower Merion, 313 F.3d 144, 149 (3d Cir. 2002). In applying the summary judgment standard, district courts must "specify those material facts that are and are not subject to genuine dispute and explain their materiality." Id. at 146.

Here, the District Court pointed out that the video of the events "pans away from Mr. Wheeler several times, the view of the officers' hands and Mr. Wheeler is frequently obstructed, and points throughout the video, including for example at 11:55, lend credence to Plaintiffs' claims of excessive force." App. at 11. The Court concluded that "[b]ecause the videotape does not establish that excessive force was not used" and four officers, including Montanez, "admit to having physical contact, the claim against them may proceed." Id. Inasmuch as the District Court found that there was a factual issue concerning Montanez's use of force, and it is clear that resolution of the issue is necessary to decide the case, we lack jurisdiction on Montanez's appeal from the order denying him summary judgment on Wheeler's § 1983 claim.[2]

---

[2] Montanez argues that we should follow the Supreme Court opinion in Scott v. Harris, 550 U.S. 372, 376, 127 S.Ct 1769, 1773-74 (2007), in which the Court reversed a district

5

B. The Denial of Qualified Immunity under the New Jersey Tort Claims Act

The New Jersey Tort Claims Act provides immunity from liability for public employees if they "act[] in good faith in the execution or enforcement of any law." N.J. Stat. Ann. 59:3-3. But this Act gives a public official less protection than the right under federal law to appeal if the collateral order doctrine is applicable in a federal case because it "provides a government official with immunity from liability, not immunity from suits arising from the performance of official duties." Giuffre v. Bissell, 31 F.3d 1241, 1248 (3d Cir. 1994) (citing Brown v. Grabowski, 922 F.2d 1097 (3d Cir. 1990)). Therefore courts lack jurisdiction to entertain an appeal from an order denying summary judgment to a defendant who unsuccessfully seeks immunity under the Tort Claims Act.[3]

IV.    CONCLUSION

_____

court's denial of qualified immunity when video evidence incontrovertibly showed that an officer did not violate a plaintiff's constitutional rights. Montanez contends that the videotape evidence here similarly shows that there is no genuine issue of material fact and that he acted reasonably in his actions regarding Wheeler. Appellant's br. at 17-21. As we have noted, "[n]either the majority nor the dissent in Scott . . . discussed the limits of the collateral order doctrine in qualified immunity cases." Blaylock, 504 F.3d at 413-14. The scenario in Scott, in which video evidence "blatantly contradicted" one party's description of events, "may represent the outer limit of the principle of Johnson v. Jones—where the trial court's determination that a fact is subject to reasonable dispute is blatantly and demonstrably false, a court of appeals may say so, even on interlocutory review." Id. at 414. We cannot reach that conclusion here.

[3] We are not suggesting that a public defendant who unsuccessfully seeks immunity from liability cannot seek leave to appeal from the order denying immunity from the Appellate Division of the Superior Court of New Jersey to advance a contention that he is entitled to judgment on the liability claim on the basis of the undisputed facts. Montanez, however, claims that he is entitled to appeal as of right.

6

For the foregoing reasons, we will dismiss the appeal from the District Court's denial of Officer Montanez's qualified immunity for lack of jurisdiction.